IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Malcolm Antwon Williams, | ) | Case No. 4:23-cv-01833-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Wilfredo Martell, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report").  On October 5, 2024, Respondent filed a Motion for Summary Judgment.  ECF No. 32.  Petitioner filed a Response in Opposition, and Respondent filed a Reply.  ECF Nos. 36, 37.  On July 8, 2024, the Magistrate Judge issued a Report recommending that the Motion be granted and the Petition be dismissed without an evidentiary hearing.  ECF No. 43.  Petitioner filed objections, and Respondent filed a Reply.  ECF Nos. 46, 48.

## APPLICABLE LAW AND ANALYSIS

### *Standard of Review*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### *Habeas Corpus*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *Id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-

3

27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a post-conviction relief ("PCR") application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

4

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 298 (1989).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice,

5

the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

## DISCUSSION

Petitioner raises 16 grounds in his Petition. The Magistrate Judge recommends granting summary judgment in favor of Respondent. Petitioner objects to the Magistrate Judge's recommendations. The Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates into this Order by reference. The Court's review of this matter has been de novo. The Court will address Petitioner's grounds in the order they are addressed by the Magistrate Judge.

### *Grounds Two A-1 and Two A-3*

In Ground Two A-1, Petitioner alleged trial counsel was ineffective for failing to specify why a directed verdict motion should have been granted. In Ground Two A-3, he alleges trial counsel was ineffective for failing to argue there was a lack of nexus to sustain

his conviction for Burglary First Degree.  The Magistrate Judge considered these Grounds on the merits and recommends granting summary judgment.  ECF No. 43 at 16–19.  Upon de novo review, the Court agrees.

In the order ruling on Petitioner's PCR application, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  App. 370.  The PCR court found that,

> "A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged." *State v. McHoney*, 344 S.C. 85, 97, 544 S.E. 2d 30, 36 (Ct App. 2001). In reviewing a motion for a directed verdict, the trial court is concerned with the existence of evidence, not its weight. *Id*. If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove guilt, the case should be submitted to the jury. *Id.*

> After the State rested its case, trial counsel moved for a directed verdict on all counts arguing "there's been insufficient evidence to support [the] charges." Tr. 197. The State responded that Grave's testimony, "the DNA evidence, the evidence that backs up [Grave's] story that was collected in the vacant lot, [and] the other witnesses that were to a party - - or a part of [Grave's] version of events" taken in the light most favorable to the State supports the charges going to the jury. Tr. 197. Trial counsel renewed the motion for a directed verdict after the defense rested. Tr. 204-05.

> Here, Applicant argues trial counsel was ineffective for failing to argue there was a lack of nexus for him to be convicted of first-degree burglary. However, there was no evidence at trial that Applicant was invited over to the home, or that Applicant lived at the home. Further, the only evidence at trial showed that Applicant was not allowed at the home as Applicant was previously put on trespass notice and told not to visit the

7

home. There was no suggestion during the State's case, either on direct or cross-examination, Applicant lived in the home or was allowed to enter the home. Finally, as explained above in subsection section 1, Applicant never told trial counsel he lived in the home, rather, Applicant told trial counsel he was living with family members at the time of the incident. Finally, even though Applicant testified at the PCR hearing, he lived at the home and was allowed over there, he still asserted he did not even enter the home the day of the incident. Therefore, the Court finds trial counsel reasonably did not argue a lack of nexus to support a burglary conviction because he was never advised by Applicant he lived at the home. Accordingly, trial counsel was not deficient for failing to make this argument.

The Court finds Applicant cannot show prejudice because the direct and circumstantial evidence at trial, viewed in the light most favorable to the State, showed that Applicant entered the home with a gun after he had been put on trespass notice and told not to come back to the home. The case came down to Applicant's intent, which is a jury question. There was ample evidence presented by the State at trial to overcome a directed verdict motion. Therefore, even if trial counsel had made the lack of nexus argument asserted by Applicant, the trial court will still have been compelled, as a matter of law, to deny the directed verdict motion and submit the case to the jury. Accordingly, Applicant has failed to show he was prejudiced by trial counsel's alleged deficiency.

Based on the foregoing, the Court concludes trial counsel was not deficient for failing to make the argument asserted by Applicant. Further, the Court concludes that even if trial counsel had made the lack of nexus argument, it would not have made a difference at trial. Therefore, the Court denies this allegation and dismisses it with prejudice.

App. 376–77.  The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner makes various arguments related to the DNA evidence and he asserts that there was evidence that he was allowed in the house.  It appears to the Court that the majority of Petitioner's objections as to these grounds attack the credibility of Graves and his trial counsel.  As explained in more detail by the Magistrate Judge, the PCR court found trial counsel was credible and that finding is entitled to deference.  The petitioner must show by clear and convincing evidence that the PCR court's credibility determinations were incorrect, *Wilson v. Ozmint,* 352 F.3d 847, 858–59 (4th Cir. 2003), and that these incorrect credibility determinations resulted in an improper adjudication by the PCR court. 28 U.S.C. § 2254(d)(2).  No such showing has been made here.  Further, there was evidence in the record that Petitioner was on notice not to enter the home and had a gun.  App. 79–80, 133.  Therefore, the Court agrees with the Magistrate Judge that the PCR court's decision was neither contrary to nor an unreasonable application of applicable Supreme Court precedent nor did it confront a set of facts that were materially indistinguishable from those considered in a decision of the

Supreme Court but arrive at a different result. Accordingly, summary judgment is appropriate with respect to these Grounds.

***Ground Two A-2***

In Ground Two A-2, Petitioner argues that trial counsel was ineffective for failing to present witnesses at trial. The Magistrate Judge considered this Ground on the merits and recommends granting summary judgment. ECF No. 43 at 19–21. Upon de novo review, the Court agrees.

In the order ruling on Petitioner's PCR application, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). App. 370. The PCR court found that,

> Here, Applicant failed to present anything concerning witnesses to be subpoenaed and there were no witnesses presented at the PCR hearing to support this allegation. *See Glover*, 318 S.C. at 498-99, 458 S.E.2d at 540 (stating to support a claim that trial counsel was ineffective for failing to interview or call potential witnesses, a PCR applicant must produce the witnesses at the PCR hearing or otherwise introduce the witnesses' testimony in a manner consistent with the rules of evidence). Further, trial counsel testified Applicant did not give him any witnesses to subpoena to testify at trial. This Court finds credible trial counsel's testimony that Applicant did not name any witnesses to subpoena to testify at trial. Therefore, this allegation is denied and dismissed with prejudice because Applicant has failed to meet his burden of proof as to prejudice, and trial counsel was not deficient in failing to subpoena the witnesses because Applicant did not inform him of any witnesses to subpoena to testify at trial.

10

App. 382–83.  The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner argues that he did have witnesses at trial and that his trial counsel lied at PCR regarding his witnesses.  ECF No. 46 at 3–4.  He further asserts that the same witnesses came to his PCR and were not called by PCR counsel.  As explained in more detail by the Magistrate Judge, prejudice cannot be shown for failing to call witnesses at trial where the witnesses do not testify at the PCR hearing. *Bratcher v. Warden of McCormick Corr. Inst.*, No. C/A 8:0-82141-GRA-BHH, 2009 WL 1765260, at *15 (D.S.C. June 17, 2009) (citing *Dempsey v. State,* 363 S.C. 365, 610 S.E.2d 812, 814 (S.C. 2005)).  To the extent Petitioner argues his PCR counsel was ineffective for failing to call the witnesses, any such claim is barred by 28 U.S.C. § 2254(i), which sets out that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  Further, as discussed above, the PCR court's credibility determination is entitled to deference.  Therefore, the Court agrees with the Magistrate Judge that the PCR court's decision was neither contrary to nor an unreasonable

application of applicable Supreme Court precedent nor did it confront a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrive at a different result. Accordingly, summary judgment is appropriate with respect to Ground Two A-2.

**Ground Two A-4**

In Ground Two A-4, Petitioner argues that trial counsel was ineffective for failing to impeach witnesses. The Magistrate Judge considered this Ground on the merits and recommends granting summary judgment. ECF No. 43 at 21–23. Upon de novo review, the Court agrees.

In the order ruling on Petitioner's PCR application, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland*, 466 U.S. at 687. App. 370. The PCR court determined that this Ground was "substantially the same as Applicant's allegations (a)(1), (6), (7), and (8) against trial counsel." App. 382. The PCR court further found that Petitioner failed to present any evidence regarding which witnesses should have been impeached or how they should have been impeached. *Id*. The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

12

In his objections, Petitioner mainly objects to the PCR court's statement that this claim was substantially the same as some of his other claims.  ECF No. 46 at 4.  He reiterates that witnesses should have been impeached.  With respect to Petitioner's assertion that this is a separate issue, the Court finds that the PCR court sufficiently addressed it to allow the Magistrate Judge and the undersigned to review it on the merits.  Upon such review, the Court finds that the PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  As explained in the Court's discussion of Ground Two A-2, Petitioner's witnesses did not testify at his PCR.  Accordingly, Petitioner has failed to demonstrate prejudice, and summary judgment is appropriate with respect to Ground Two A-4.

### Ground Two A-5

In Ground Two A-5, Plaintiff alleges trial counsel was ineffective for failing to request the jury be charged on the lesser-included offense of Burglary Second Degree.  The Magistrate Judge considered this Ground on the merits and recommends granting summary judgment.  ECF No. 43 at 23–25.  Upon de novo review, the Court agrees.

In the order ruling on Petitioner's PCR application, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  App. 370.  The PCR court found that,

> . . . Specifically, Applicant clarified at the PCR hearing that
> trial counsel should have requested a jury instruction for a

13

> lesser-included offense for first-degree burglary. The Court
> disagrees.
>
> . . .
>
> Here the only evidence at trial was that Applicant unlawfully
> entered the house armed with a shotgun, and there was no
> evidence presented at trial to support a lesser included
> offense. Therefore, trial counsel reasonably did not request a
> lesser included offense be charged to the jury because there
> was no evidence to support the lesser included charge.
>
> Further, Applicant has failed to show prejudice resulted in trial
> counsel's alleged deficiency of failing to request a lesser
> included offense. Because there was no evidence to support
> a lesser included offense to the first-degree burglary charge,
> it would have been error for the trial court to give such a
> requested charge because it was not supported by the record.
> Accordingly, the Court denies relief on this allegation and
> dismisses it with prejudice.

App 381–82.  The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner argues that his weapon was not easily accessible; accordingly, trial counsel was ineffective for ailing to ask for a jury charge on the lesser-

included offense.  ECF No. 46 at 4–5.  As noted by the Magistrate Judge, the PCR court's findings of fact are entitled to deference and are supported by the record.[1]  *See* App. 79–80.  Therefore, the Court agrees with the Magistrate Judge that the PCR court's decision was neither contrary to nor an unreasonable application of applicable Supreme Court precedent nor did it confront a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrive at a different result.  Accordingly, summary judgment is appropriate with respect to Ground Two A-5.

### Ground Two A-6

In Ground Two A-6, Petitioner argues that trial counsel was ineffective for failing to submit favorable evidence on his behalf.  The Magistrate Judge considered this Ground on the merits and recommends granting summary judgment.  ECF No. 43 at 23–25.  Upon de novo review, the Court agrees.

In the order ruling on Petitioner's PCR application, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  App. 370.  The PCR court found that,

> Applicant asserts trial counsel was deficient for failing to submit favorable evidence at trial. However, Applicant failed to testify or specify what evidence trial counsel should have introduced at trial to aid the defense. Therefore, Applicant has failed to prove trial counsel was deficient.

---

[1] Further, as noted in its discussion of Grounds Two A-1 and Two A-3, the record supports the PCR court's determination.

15

> Further, Applicant cannot show prejudice resulted from trial counsel's alleged deficiency because the alleged "favorable evidence" was not introduced at the PCR hearing. This Court does not know what the alleged evidence is or how it would have changed the trial. Therefore, Applicant has failed to meet his burden of proof on this allegation.

App. 383–84.  The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner argues that there was favorable evidence that should have been put before the jury.  ECF No. 46 at 5.  Petitioner references a portion of the PCR transcript in which he discusses some perceived errors in the timeline.  *See* App. 315.  Upon review of Petitioner's argument and the entirety of the PCR transcript, the Court finds that the Magistrate Judge's determination that Petitioner did not specify what favorable evidence should have been introduced, and, therefore, failed to establish resulting prejudice from any alleged error by trial counsel, was neither contrary to nor an unreasonable application of applicable Supreme Court precedent nor did it confront a set of facts that were materially indistinguishable from those considered in a decision of the

Supreme Court but arrive at a different result. Accordingly, summary judgment is appropriate with respect to Ground Two A-6.

**Ground Two A-7**

In Ground Two A-7, Petitioner alleges that trial counsel was ineffective for failing to interview the victim and other witnesses. The Magistrate Judge considered this Ground on the merits and recommends granting summary judgment. ECF No. 43 at 27–32. Upon de novo review, the Court agrees.

In the order ruling on Petitioner's PCR application, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). App. 370. The PCR court found that,

> Applicant alleges trial counsel was ineffective for failing to contact, investigate, and interview victims and witnesses before trial. The Court disagrees, and, for the reasons discussed below, denies relief on this allegation and dismisses it with prejudice.
>
> Counsel must, at a minimum, make some effort to interview potential witnesses identified by the defendant, and make an independent investigation of the facts and circumstances of the case. *Edwards v. State,* 392 S.C. 449, *4S6.* 710 S.E.2d 60, 64 (2011); *Walker v. Stale,* 407 S.C. 400, 405, 756 S.E.2d 144, 147 (2014). To support a claim that trial counsel was ineffective for failing to interview or call potential witnesses, a PCR applicant must produce the witnesses at the PCR hearing or otherwise introduce the witnesses' testimony in a manner consistent with the rules of evidence. *Glover v. State,* 318 S.C. 496, 498-99, 458 S.E.2d 538, 540 (1995). The applicant's mere speculation about what the witnesses'

testimony would have been cannot, by itself, satisfy the applicant's burden of showing prejudice.

Applicant alleges trial counsel was ineffective for failing to contact, investigate, and interview the victims and witnesses before trial. Applicant testified at the PCR hearing he informed trial counsel that he was listed as the head-of-household, had clothes and property still at the residence, and he had witnesses who knew he was living there. Applicant testified he wanted trial counsel to look into that information because it was not possible for him to commit burglary on his own residence. Specifically, applicant testified he asked trial counsel to speak to his aunt, Felicia Williams, his mother, his grandfather, his step-father, and his sister because they all knew he lived at the residence. Applicant also testified that he did not go into the house that day. Applicant testified he drove past the house, and Graves called him asking why he passed by. Applicant stated he turned around, parked on the side of the house, and went up to the steps of the house. However, Graves came outside to the steps, and he did not enter the home.

Trial counsel testified Applicant never told him he lived at the residence with Graves. Trial counsel stated Applicant informed him that he was living with his family members-either his uncle or his mother. Trial counsel also testified he explained each charge to Applicant. Trial counsel explained to Applicant the State's version of events, the warrants, indictments, and the discovery. Trial counsel explained to Applicant the State alleged that Applicant entered Grave's dwelling without permission on January 8 armed with a weapon, and committed first-degree burglary and kidnapping. Then, Applicant took Graves away from the home and committed first-degree CSC, and that Applicant was in possession of the weapon during those crimes. Finally, Applicant resisted arrest when stopped by law enforcement.

Trial counsel stated he thought there was a trespass notice indicating that Applicant was not allowed at the residence in the discovery. Trial counsel explained that even though it was daytime when Applicant entered the home, Applicant was charged with first-degree burglary because be allegedly entered the home with a shotgun. Trial counsel stated that at certain times during their discussions, Applicant told trial counsel he did not have a gun. However, Graves testified Applicant had a gun when he entered the home. Additionally, trial counsel testified he was provided a video recording of Applicant's post-Miranda statement to law enforcement where Applicant acknowledged having a gun. However, the State did not seek to introduce this evidence at trial.

Trial counsel recalled discussing potential witnesses with Applicant, but did not specifically recall the names of the witnesses; however, trial counsel did remember that Applicant had family members present for trial, and recalled speaking to some of them. Further, trial counsel testified he decided not to call any other witnesses at trial believing it was the right thing to do at the time. Trial counsel stated that in hindsight, he probably would make the same decision.

Applicant has alleged trial counsel failed to investigate whether Applicant lived with Graves, because Applicant could not have burglarized his own home. This Court finds not credible Applicant's testimony he told trial counsel he was living at the residence at the time of the incident. Specifically discrediting is Applicant's own testimony that he never entered the home that day, and trial counsel's credible testimony that Applicant told him he did not live at the residence but lived with family members. Therefore, trial counsel reasonably did not investigate whether Applicant lived with Graves at the home because Applicant told trial counsel he did not live there but lived with family members.

Applicant has alleged trial counsel failed to interview and investigate potential defense witnesses. Applicant alleges the

witnesses trial counsel should have contacted would have supported Applicant's assertion he lived with Graves. However, as discussed above, the Court finds not credible Applicant's testimony th[at] he told trial counsel he lived with Graves. The Court finds credible trial counsel's testimony that Applicant told him he lived with family members. Therefore, trial counsel reasonably did not speak to witnesses about whether Applicant lived at the residence.

Further, Applicant presented no evidence or testimony other than his non-credible self-serving testimony supporting his assertion he lived with Graves at the time of the incident, therefore Applicant has failed to show prejudice resulted from trial counsel's alleged failure to investigate and interview witnesses.

Finally, Applicant testified he told trial counsel his Aunt in North Carolina got pictures off of Facebook of the women (presumably Graves and Dean) with guns. Applicant failed to specify how these Facebook pictures could have supported his defense theory; therefore, Applicant has failed to meet his burden of proof as to deficiency. Further, Applicant has failed to provide these pictures or testimony from his Aunt in North Carolina regarding the pictures. *See Glover,* 318 S.C. at 49M9, 458 S.B.2d at 540 (stating to support a claim that trial counsel was ineffective for failing to interview or call potential witnesses, a PCR applicant must produce the witnesses at the PCR hearing or otherwise introduce the witnesses' testimony in a manner consistent with the rules of evidence). This Court finds Applicant has "failed to show trial counsel was deficient in not contacting his Aunt regarding these pictures, and has failed to show how trial counsel's alleged deficiency prejudiced Applicant. Therefore, this allegation is denied and dismissed with prejudice.

Based on the forgoing, the Court finds trial counsel reasonably investigated the case, and Applicant has failed to show prejudice resulted from trial counsel's alleged deficiency

of failing to investigate and interview potential witnesses. Therefore, this allegation is denied and dismissed with prejudice.

App. 372–75.  The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner mainly attacks the credibility of trial counsel and alleges that the PCR court's decision was contrary to the victim's statement on cross-examination.  ECF No. 46 at 5–6.  As noted above, the PCR court's credibility determination is entitled to deference and Petitioner has not made the requisite showing to review this determination.  With respect to the remainder of this Ground, the Court finds that the PCR court's determination was neither contrary to nor an unreasonable application of applicable Supreme Court precedent nor did it confront a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrive at a different result.  Accordingly, summary judgment is appropriate with respect to Ground Two A-7.

***Ground Two A-8***

In Ground Two A-8, Petitioner alleges that trial counsel was ineffective for failing to present mitigating character evidence.  The Magistrate Judge considered this Ground on the merits and recommends granting summary judgment.  ECF No. 43 at 32–33.  Upon de novo review, the Court agrees.

In the order ruling on Petitioner's PCR application, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  App. 370.  The PCR court found that,

> . . . Applicant has failed to show how trial counsel was deficient for failing to introduce good character evidence or good character witnesses at trial. Applicant merely asserts trial counsel was deficient for failing to do so. However, Applicant failed to testify or specify what witnesses or good character evidence trial counsel should have introduced at trial. The Court finds Applicant has wholly failed to meet his burden as to this allegation.
>
> . . .
>
> Further, Applicant cannot succeed on this allegation as he cannot show prejudice because Applicant did not produce the mitigating good character evidence, witnesses, or the pictures at the PCR hearing. *See e.g. Glover,* 318 S.C. at 498-99, 458 S.E.2d at 540 (stating to support a claim that trial counsel was ineffective for failing to interview or call potential witnesses, a PCR applicant must produce the witnesses at the PCR hearing or otherwise introduce the witnesses' testimony in a manner consistent with the rules of evidence). This Court finds Applicant has failed to show trial counsel was deficient in failing to present mitigating good character evidence, witnesses, and for not contacting Applicant's Aunt regrading

22

the pictures and Applicant has failed to show how trial
counsel's alleged deficiency prejudiced Applicant.

App. 378–80.  The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner argues that he did specify which witnesses and character evidence he wanted introduced at trial.  ECF No. 46 at 6.  He further states that "[h]e never presented my witnesses, know of them and didn't call them."  *Id.*  As noted by the PCR court, Petitioner did not present the relevant witnesses or evidence at PCR. Petitioner cites to a portion of the PCR hearing in which he testified that certain family members would testify on his behalf; however, there is no evidence that any of these people testified at the PCR hearing.  *See* App. 308.  Therefore, the Court agrees with the Magistrate Judge that the PCR court's decision was neither contrary to nor an unreasonable application of applicable Supreme Court precedent nor did it confront a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrive at a different result.  Accordingly, summary judgment is appropriate with respect to Ground Two A-8.

23

***Ground Two A-9***

In Ground Two A-9, Petitioner alleges that trial counsel was ineffective for failing to object to and move for a mistrial based upon the unconstitutional burden-shifting in the State's closing argument. The Magistrate Judge considered this Ground on the merits and recommends granting summary judgment. ECF No. 43 at 34–35. Upon de novo review, the Court agrees.

In the order ruling on Petitioner's PCR application, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). App. 370. The PCR court found that,

> Applicant failed to produce any evidence regarding the State's closing argument or why trial counsel should have moved for a new trial. However, the Court has fully reviewed the State's closing argument and finds it was not burden shifting and that Applicant was prejudiced in any way.
>
> . . .
>
> The State's closing argument is found on pages 206-19 of the transcript. This Court has reviewed the State's closing argument and finds nothing in the closing argument unconstitutionally shifted the burden of proof. Indeed, every time it brought up the burden of proof, the State indicated it had the burden of proving the charges against Applicant beyond a reasonable doubt. Tr. 208-09;218. The Court concludes the State's closing argument was contained to the records and its reasonable inferences. Because the State's closing argument was not unconstitutionally burden shifting, trial counsel was not deficient for failing to object.

App. 380–81.  The PCR court further found that the State's closing argument did not result in an unfair trial for Petitioner.  The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner reiterates that he disagrees with the PCR court's decision and reiterates that he believes some of the statements made by the State in its closing argument were impermissible.  ECF No. 46 at 6–7.  A review of the trial transcript supports the PCR court's finding that the State's closing argument did not shift the burden of proof to Petitioner.  Therefore, the Court agrees with the Magistrate Judge that the PCR court's decision was neither contrary to nor an unreasonable application of applicable Supreme Court precedent nor did it confront a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrive at a different result.  Accordingly, summary judgment is appropriate with respect to Ground Two A-9.

### Ground Two A-10

In Ground Two A-10, Petitioner argues that trial counsel was ineffective for failing to argue lack of subject matter jurisdiction.  The PCR court did not rule on this issue;

accordingly, the Magistrate Judge determined that Ground Two A-10 is procedurally defaulted.  ECF No. 46 at 35–37.  Petitioner objects and argues that any default is due to ineffective assistance of PCR counsel.  ECF No. 46 at 7–8.

Upon review, the Court agrees that this Ground is procedurally barred.  The PCR court did not rule on this issue and no 59(e) motion was filed.  This issue was not raised to Supreme Court of South Carolina.  PCR appellate counsel filed a brief pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), indicating that she believed the appeal from PCR was without merit.  ECF No. 31-5.  Thereafter, the Supreme Court of South Carolina Court issued a letter informing Petitioner that he could submit his own pro se petition.  *Williams    v.    State*,    Appellate    Case    No.    2020-001603, https://ctrack.sccourts.org/public/caseView.do?csIID=73052 (last visited Aug. 1, 2024). Petitioner did not submit a pro se petition, and the South Carolina Court of Appeals' order denying relief notes as much.  ECF No. 31-6.

While Petitioner can attempt to establish cause and prejudice sufficient to overcome a procedural default by alleging ineffective assistance of PCR counsel, the limited exception to procedural default does not extend to PCR appellate counsel. *See Martinez v. Ryan,* 566 U.S. 1 (2012); *Davila v. Davis*, 582 U.S. 521, 529 (2017). Therefore, Petitioner cannot overcome the procedural default and summary judgment is appropriate with respect to Ground Two A-10.[2]

---

[2] In the alternative, the Court finds that summary judgment should be granted upon review of the merits of this claim.  There is no support for Petitioner's assertion that the

*Ground Three A-1*

In Ground Three A-1, Petitioner argues that PCR counsel was ineffective for failing to file a Rule 59(e) motion.  The Magistrate Judge determined that ineffective assistance of PCR counsel claims are not cognizable on federal habeas review.  ECF No. 46 at 37–38.  He further found that, to the extent Petitioner raised this Ground to overcome any procedural default, Petitioner has not established that PCR counsel was ineffective.  *Id.* at 38–39.  In his objections, Petitioner argues that he has been prejudiced by PCR counsel's failure to file a Rule 59(e) motion.  ECF No. 46 at 8.  He specifically objects to the manner in which the PCR court grouped his claims.  *Id.*

Upon review, the Cour agrees with the Magistrate Judge that this claim is not cognizable to the extent Petitioner raises ineffective assistance of PCR counsel as a stand-alone claim.  *See* 28 U.S.C.A. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  Further, to the extent Petitioner argues that PCR counsel was ineffective to establish cause and prejudice to excuse a procedural default, that claim also fails.  All but one of Petitioner's ineffective assistance of trial counsel claims have been addressed on the merits.  The remaining

---

state trial court did not have subject matter jurisdiction; therefore, trial counsel cannot be ineffective for failing to make such an objection.   Further, Any claim that the trial court lacked subject matter jurisdiction is not cognizable on federal habeas review. *Smalls v. McFadden*, No. CA 2:13-02651-RMG, 2014 WL 3571415, at *10 (D.S.C. July 18, 2014).

claim specifically addresses procedural default and makes an alternative ruling considering the underlying claim. Accordingly, summary judgment is granted as to Ground Three A-1.

**Grounds One A-1, One A-3, and One A-4**

In Grounds One A-1, One A-3, and One A-4, Petitioner raises ineffective assistance of direct appeal counsel claims for failure to raise certain issues in his direct appeal.[3] The PCR court applied the *Strickland* standard and determined that all of Petitioner's claims for ineffective assistance of direct appeal counsel concerned failing to brief the directed verdict issue; because the underlying claims were without merit, direct appeal counsel was not ineffective for failing to brief them. App. 370, 386–89.

The Magistrate Judge determined that the PCR court's ruling was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. ECF No. 43 at 39–41. In his objections, Petitioner argues that all three of his claims were preserved and direct appeal counsel was ineffective for failing to brief them. ECF No. 46 at 8–10. Petitioner has submitted his opinion that the PCR court erred in ruling that his underlying claims were without merit, and, accordingly, direct appeal counsel was for ineffective for failing to brief them. However, Petitioner has failed to provide any support for his

---

[3] Specifically, Petitioner alleges direct appeal counsel was ineffective for failing to: (1) file a merits brief arguing there was insufficient evidence to sustain a first-degree burglary conviction; (2) raise the issue of lack of nexus for first-degree burglary; and (3) failing to raise the issue that the trial court erred in charging first-degree burglary.

conclusory allegations.  *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) (holding that conclusory allegations without more are insufficient to preclude a finding of summary judgment).  Upon de novo review, the Court finds that the PCR court's decision was neither contrary to nor an unreasonable application of applicable Supreme Court precedent nor did it confront a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrive at a different result. *Herrington v. Dotson*, 99 F.4th 705, 720 (4th Cir. 2024) (holding that a claim for ineffective assistance of direct appeal counsel is analyzed under "the highly deferential *Strickland* two-part test, requiring [a petitioner] to show both (1) that counsel's deficient performance fell below an objective standard of reasonableness and (2) prejudice, meaning that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (internal quotation marks omitted)).  Accordingly, summary judgment is appropriate with respect to Grounds One A-1, A-3, and A-4.

**Grounds One A-2 and One A-5**

Grounds One A-2 and One A-5 also raise ineffective assistance of direct appeal counsel.[4]  The Magistrate Judge determined that these Grounds are procedurally barred and Petitioner cannot overcome the procedural bar.  ECF No. 43 at 42–44.  Petitioner

---

[4] Specifically, Petitioner alleges directed appeal counsel was ineffective for failing to brief the following issues: (1) that it was a violation of Petitioner's constitutional rights for the Marion County Sheriff not to conduct an investigation and (2)  lack of subject matter jurisdiction.

objects and argues that his due process rights were violated by the failure to investigate and that subject matter jurisdiction can be raised at any time.  ECF No. 46 at 10–12.

Upon review, the Court finds that these Grounds are procedurally defaulted, and Petitioner cannot overcome the procedural default by alleging ineffective assistance of PCR counsel.  *See* ECF No. 43 at 42 n. 10.  Petitioner has not argued any other mechanism to overcome the procedural bar.  Accordingly, summary judgment is appropriate with respect to Grounds One A-2 and One A-5.

### Evidentiary Hearing

Petitioner requests an evidentiary hearing.  Under the AEDPA, evidentiary hearings are generally prohibited even when a habeas petitioner has failed to develop the factual basis of a claim in his state court proceedings. 28 U.S.C. § 2254(e)(2); *see Cullen v. Pinholster*, 563 U.S. 170, 181–82, 183 n.4 (2011) (recognizing both that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" and also that for claims for which the factual basis was not developed in state court "§ 2254(e)(2) bars a federal court from holding an evidentiary hearing, unless the applicant meets certain statutory requirements"). However, § 2254(e)(2) provides that, if a prisoner "has failed to develop the factual basis of a claim in State court proceedings," a federal court may hold "an evidentiary hearing on the claim" in only two limited scenarios: either the claim relies on (1) a "new" and "previously unavailable" "rule of constitutional law" made retroactively applicable by the Supreme Court, or (2) "a factual predicate that could not have been previously discovered through the exercise of due

30

diligence." § 2254(e)(2)(A)(i), (ii). "If a prisoner can satisfy either of these exceptions, he also must show that further factfinding would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted him of the crime charged." *Shinn*, 142 S. Ct. at 1734 (quoting § 2254(e)(2)(B)). "Finally, even if all of these requirements are satisfied, a federal habeas court still is not *required* to hold a hearing or take any evidence." *Id.* (emphasis in original).

Here, Petitioner fails to show why an evidentiary hearing is necessary. Accordingly, the request is denied.

## CONCLUSION

The Court agrees with the recommendation of the Magistrate Judge. The Amended Motion for Summary Judgment [32] is **GRANTED** and the Petition is **DISMISSED** with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong

31

and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

August 12, 2024
Spartanburg, South Carolina